DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Petitioner-appellant, Daniel B. Robinson, appeals the judgment of the Summit County Court of Common Pleas that effectively denied an untimely petition for postconviction relief. We affirm.
On December 27, 1996, after entering a guilty plea, Appellant was sentenced for the crimes of trafficking in LSD and intimidation of a witness. Appellant did not pursue a direct appeal in this court.[1] On June 2, 1998, Appellant moved the trial court "for leave to entertain [a] petition for relief (ORC 2953.23)." On June 18, 1999, Appellant requested "findings of fact and conclusions of law regarding his Petition for Post-Conviction Relief * * * filed on June 2, 1999." The trial court denied the motion on July 9, 1999. Appellant filed a timely notice of appeal on July 30, 1999. He has assigned two errors for review, which are consolidated for ease of disposition.
ASSIGNMENT OF ERROR I
 The trial court erred when it found that there is no evidence of constitutional error which would enable reasonable minds to find the Appellant not guilty.
ASSIGNMENT OF ERROR II
 The trial court erred when it denied the Appellant's petition for post-conviction relief.
In his assignments of error, Appellant has argued that the trial court incorrectly and vindictively denied his petition as untimely. We disagree.
Appellant moved the trial court for leave to file an untimely petition pursuant to R.C. 2953.23. This filing is not contemplated by the terms of R.C. 2953.21 et seq. The trial court denied the motion, but appears to have construed the motion itself as an untimely petition by analyzing it in accordance with R.C.2953.23. Assuming, without deciding, that Appellant's motion was cognizable as a petition for postconviction relief, the trial court's denial was proper.
When a direct appeal is not taken from a judgment, a petition for postconviction relief must be filed no later than one hundred eighty days after the time for filing the notice of appeal expires. R.C. 2953.21(A)(2). Untimely petitions may not be entertained by the trial court absent a demonstration that the petitioner "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" and, but for constitutional error, a reasonable finder of fact would not have rendered a guilty verdict. R.C. 2953.23(A).
As noted above, Defendant did not pursue a direct appeal. His petition was filed on June 2, 1998, three hundred twelve days after the expiration of the period for filing a direct appeal. See App.R. 4(A). Defendant stated that he "was unavoidably prevented from obtaining" the evidence underlying one of his convictions. He also stated that the actions underlying his conviction for intimidation of a witness were protected by the First Amendment and that "no reasonable factfinder could possibly find violence in the legitimiate [sic] exercise of Constitutional rights." He did not substantiate these statements. Accordingly, Defendant did not demonstrate, pursuant to R.C. 2953.23(A), that his untimely petition could be considered by the trial court. His assignments of error are overruled.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT BAIRD, P.J.
BATCHELDER, J., CONCUR
[1] A motion for leave to file a delayed appeal was denied by this court on August 12, 1998. An earlier untimely appeal was dismissed on May 19, 1998, for failure to comply with an order of this court.